IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JUAN MEDINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | |
| RELIABLE RECOVERY SERVICES, INC., ) | |
| PRA LOCATION SERVICES, LLC ) | |
| COMMUNITY LOANS OF AMERICA, INC., ) | JURY DEMANDED |
| ) | |
| Defendants. ) | |

## COMPLAINT

1. This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA") and Illinois state law arising out of the Defendants' wrongful repossession of the Plaintiff's automobile when they held no lien on the vehicle and effectively repossessed a vehicle belonging to a party other than the purported debtor.

### *Jurisdiction and Venue*

2. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Supplemental jurisdiction over Plaintiff's state law claims exists under 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since Defendants can be found, have agents, and/or transact business in this district.

### *Parties*

4. Plaintiff Juan Medina is a citizen of Illinois who resides within this district.

1

5. Plaintiff is a "consumer," as that term is defined under the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who was alleged to owe the debt described herein.

6. Defendant Community Loans of America, Inc. (hereinafter "CLA") is headquartered at 8601 Dunwoody Pl, Ste 406 Atlanta GA, 30350-2550 and further conducts business under various names and subsidiaries such as Alabama Title Loans, Inc., Carolina Title Loans, Inc., Delaware Title Loans, Inc., Fast Auto And Payday Loans, Inc., Fast Auto Loans, Inc., Idaho Title Loans, Inc., Illinois Title Loans, Inc., Mississippi Title Loans, Inc., and Nevada Title and Payday Loans, Inc.

7. CLA is and was at all relevant time doing business in the State of Illinois and in this district.

8. CLA engages, *inter alia*, in the leasing and financing of motor vehicles to the public and upon information and belief held or holds a debt due by a third party.

9. CLA is responsible for the reckless and tortious conduct of its agents, PRA Location Services, LLC, and Reliable Recovery Services, Inc.

10. Defendant PRA Location Services, LLC (hereinafter "PRA"), is a Delaware corporation and a subsidiary of the PRA Group, whose principal place of business is in Norfolk, Virginia.

11. PRA regularly and actively conducts skip tracing, repossession services, and other debt collection activity in the State of Illinois and in this district.

12. Defendant Reliable Recovery Services, Inc. (hereinafter "Reliable Recovery") is an Illinois corporation doing business in this district.

13. Upon information and belief, Defendant Reliable Recovery's principal business is vehicle repossessions on behalf of purported secured creditors.

*Factual Allegations*

14. On January 30, 2014, Plaintiff purchased a 2007 Chevrolet Cobalt, VIN 1G1AL55F277267656 ("the Vehicle").

2

15. Plaintiff's financing on the Vehicle was provided by Westlake Financial Services and it was and has been the record lienholder on his vehicle from March 10, 2014, to the present.

16. At the time of the repossession, Plaintiff had no legal relationship with Defendant CLA.

17. CLA did not purchase, service, or otherwise administer any debt owed by Plaintiff pertaining to this vehicle.

18. Therefore, Plaintiff could not be in default of any obligation to CLA, nor could CLA have a valid security interest in Plaintiff's automobile.

19. Upon information and belief, CLA was the finance company for a third party whose debt was either secured by a similar vehicle or a vehicle with a similar VIN.

20. On February 6, 2015, Reliable Recovery repossessed the Vehicle.

21. Reliable Recovery was retained and directed to perform the repossession by PRA.

22. Upon information and belief, PRA was retained by CLA to conduct skip tracing and contract for the recovery of the collateral on CLA's loan to an unrelated third party.

23. CLA, PRA, and Reliable sought to repossess, and did repossess, the Vehicle to satisfy the debts of said third party.

24. Because none of these defendants had a valid lien, CLA, PRA, and Reliable Recovery had no authority to repossess the Vehicle.

25. Upon PRA's instruction, Reliable returned the Vehicle to Plaintiff on February 9, 2015.

26. Upon inspection after having the vehicle returned, Plaintiff observed that the Vehicle sustained damaged during the repossession process and/or while in the possession, custody, and control of Reliable.

27. Plaintiff further suffered actual damages, including, but not limited to, vehicle damage, repair costs, lost/damaged items within the vehicle, loss of use, and mental anguish and emotional

distress damages resulting from her feelings of fear, humiliation, stress, frustration, and aggravation at having his automobile taken unlawfully.

## COUNT I
### *Violations of the Fair Debt Collection Practices Act*
### *Against Reliable Recovery and PRA*

28. Plaintiff restates, re-alleges, and incorporates herein by reference paragraphs 1-27 as if fully set forth in this Count.

29. Reliable Recover and PRA are "debt collectors" pursuant to 15 U.S.C. § 1692a(6) for purposes of 15 U.S.C. § 1692f(6), in that they regularly use and used instrumentalities of interstate commerce in their respective businesses, the principal purposes of which are the enforcement of security interests.

30. The Fair Debt Collection Practices Act, ("FDCPA"), prohibits a debt collector from taking or threatening to take any non-judicial action to affect the repossession of a vehicle when there is no right to repossess the vehicle. 15 U.S.C. § 1692f(6).

31. Specifically, § 1692f(6) prohibits:

> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> (B) there is no present intention to take possession of the property; or
>
> (C) the property is exempt by law from such dispossession or disablement.

32. Because CLA did not have a lawful security interest in Plaintiff's vehicle, Reliable Recovery and PRA did not have the right to effectuate non-judicial repossession of the Vehicle on its behalf pursuant to 810 ILCS § 5/9-609.

33. As a result, Defendants Reliable Recovery and PRA violated § 1692f(6) of the FDCPA for their efforts to enforce CLA's purported, but non-existent, security interest in the Vehicle because

4

CLA had no valid security interest in the property and therefore, no present right to possession of the Vehicle.

34. As a direct result of Defendants' unlawful repossession, Plaintiff suffered actual damages including, but not limited to, vehicle damage, repair costs, lost/damaged items within the vehicle, loss of use, and mental anguish and emotional distress damages resulting from her feelings of fear, humiliation, stress, frustration, and aggravation at having his automobile taken unlawfully.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendants Reliable Recovery Services, Inc. and PRA Location Services, Inc., and award:

(A) Actual damages in an amount to be proven at trial;

(B) Statutory damages under 15 U.S.C. § 1692k;

(C) Reasonable attorneys' fees and costs; and

(D) Any other relief the Court deems just and appropriate.

### COUNT II
*Violations of the Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/2, Against All Defendants*

35. Plaintiff restates, re-alleges, and incorporates herein by reference paragraphs 1-34 as if set forth fully in this Count.

36. Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, ("ICFA"), prohibits, *inter alia*, deceptive and unfair conduct, representations, omissions, and practices.

37. Under the ICFA, an unfair act or practice is one that occurs in the course of trade or commerce and: (a) offends public policy; (b) is immoral, unethical, oppressive or unscrupulous; or (c) causes substantial injury to consumers.

38. Moreover, both PRA and Reliable Recovery are subject to the Illinois Collateral Recovery Act, 225 ILCS § 422/1 *et seq.*, by virtue of the definition of "repossession agency" found in 225 ILCS § 442/10.

39. The Collateral Recovery Act is an expression of the public policy of Illinois to regulate entities that undertake repossession activities. 225 ILCS § 422/5.

40. The Illinois Commercial Code, 810 ILCS § 5/9-609, provides that only a secured party has the right to take possession after default.

41. Plaintiff was not in default of any financial obligation related to the Vehicle.

42. CLA was not a secured party of the Vehicle under the Illinois Commercial Code.

43. Nonetheless, CLA and its agents, PRA and Reliable Recovery, undertook to repossess Plaintiff's car.

44. Defendants' actions constitute an unfair act or practice in, at minimum, the following ways: (a) it is immoral, unethical, oppressive and unscrupulous, and violates Illinois public policy, to order the repossession of a vehicle, and actually effectuate said repossession, when no valid security interest exists; and (b) it is immoral, unethical, oppressive, unscrupulous, and in violation of Illinois public policy, to cause damage to a repossessed vehicle while in the custody of the repossession agent.

45. Defendants acted willfully and/or recklessly, without regard for Plaintiff's rights as the lawful owner of the Vehicle.

46. Defendants acted in the course of trade or commerce in that the repossession was designed, upon information and belief, to satisfy consumer debts.

47. This is particularly true where a simple title search would have revealed Plaintiff as the owner of the Vehicle, with a different secured party holding the lien to the vehicle, for over a year prior to the repossession.

48. Moreover, PRA and Reliable Recovery were out of compliance with the Collateral Recovery Act at the time they effectuated repossession of the Vehicle.

49. Upon information and belief, PRA was not licensed with the Illinois Commerce Commission at the time of this incident.

50. Moreover, it is against the Collateral Recovery Act to repossess a vehicle for which the lender has no valid security interest. *See* 225 ILCS § 422/10 (definition of "collateral" and "legal owner"); § 422/110(a) (repossession under the act applies to "collateral subject to a security agreement").

51. As a proximate result of the foregoing actions, Plaintiff suffered damages, including, but not limited to, vehicle damage, repair costs, lost/damaged items within the vehicle, loss of use, and mental anguish and emotional distress damages resulting from her feelings of fear, humiliation, stress, frustration, and aggravation at having his automobile taken unlawfully.

52. Defendants' actions render them liable to Plaintiff not only for actual damages, but also punitive damages, costs and attorneys' fees.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendants Reliable Recovery Services, Inc., PRA Location Services, Inc., and Community Loans of America, Inc., jointly and severally, and award:

(A) Actual damages in an amount to be proven at trial;

(B) Punitive damages in an amount to be proven at trial;

(C) Reasonable attorneys' fees and costs; and

(D) Any other relief the Court deems just and appropriate.

### COUNT III
### *Trespass to Chattel*
### *Against All Defendants*

53. Plaintiff restates, re-alleges, and incorporates herein by reference paragraphs 1-52 as if set forth fully in this Count.

54. Defendants' conduct, as described herein, wrongfully interfered with Plaintiff's personal, physical property, the Vehicle, to which he held clear title and Defendants held no possessory interest.

55. Defendants' trespass to the Vehicle was intentional, unauthorized, and substantial, and caused it to be damaged.

56. Under Illinois law, this wrongful interference with Plaintiff's personal possessory rights in his vehicle rises to the level of a trespass to chattels.

57. As a result of Defendants' trespass, Plaintiff suffered actual damages, including, but not limited to, vehicle damage, repair costs, lost/damaged items within the vehicle, loss of use, and mental anguish and emotional distress damages resulting from her feelings of fear, humiliation, stress, frustration, and aggravation at having his automobile taken unlawfully.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendants Reliable Recovery Services, Inc., PRA Location Services, Inc., and Community Loans of America, Inc., jointly and severally, and award:

(A) Actual damages in an amount to be proven at trial;

(B) Punitive damages; and

(C) Costs and any other relief the Court deems just and appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys

Lance A. Raphael
Justin C. Hagan
Katherine M. Bowen
Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808